UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ARUN METH,<br>on behalf of himself and all those similarly situated who consent to representation,<br><br>Plaintiffs,<br>v.<br><br>NATUS MEDICAL INCORPORATED,<br><br>Defendant. | Action No. 3:14-CV-173 |

## MEMORANDUM OPINION

THIS MATTER is before the Court on four motions: a Motion to Strike (ECF No. 9) and related Request for Judicial Notice ("First Request for Judicial Notice") (ECF No. 8) filed by Defendant Natus Medical, Incorporated ("Natus"), as well as a Motion to Amend Complaint to Join Additional Named Plaintiffs ("Motion for Joinder") (ECF No. 22) filed by Plaintiff Arun Meth ("Meth"), to which Natus's Request for Judicial Notice ("Second Request for Judicial Notice") (ECF No. 27) is related. For the reasons that follow, the Motion to Strike, First Motion for Judicial Notice, and Second Motion for Judicial Notice will be GRANTED; the Motion for Joinder will be DENIED.

### I. BACKGROUND

On March 12, 2014, Meth filed this collective action suit against Natus for violations of 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Meth alleges that he was employed by Natus as a Field Service Specialist ("FSS") and that Natus failed to compensate him and other similarly situated employees for earned overtime wages, as legally required under the FLSA. Natus's denial of overtime wages is alleged to have continued for at least three years prior to the filing of the Complaint. Attached to the Complaint are four Notices of Consent to Sue properly filed in this Court and signed by Meth, Jonathan Miller, Thomas A. McGinn, and Anthony S. Verano. (Compl. Ex. A.) Miller, McGinn, and Verano are current or

1

former employees of Natus, and are or were employed as an FSS.

Meth had previously attempted to file a Notice of Consent to Sue in a FLSA collective action suit brought against Natus in the Northern District of Georgia ("Georgia Lawsuit"). The Georgia Lawsuit, filed on May 17, 2012, was styled *Linscheid v. Natus Medical Incorporated*, No. 3:12-cv-67-TCB (N.D. Ga. 2012), and proceeded before the Honorable Timothy C. Batten, Sr. In the Georgia Lawsuit, the plaintiff initially was denied conditional class certification on November 30, 2012, but attempted to reserve the right to re-file for conditional certification. In early October 2013, approximately ten months after conditional certification was initially denied, Meth, Miller, McGinn, and Verano filed Notices of Consent to Sue in the Georgia Lawsuit ("Georgia Notices"). The plaintiff eventually renewed his motion for conditional certification in December 2013. However, because of the untimely nature of the motion for conditional certification, Judge Batten struck both the motion and the Georgia Notices from the record.

The Complaint in this case states that "Plaintiff filed a consent to sue" in the Georgia Lawsuit and that Miller, McGinn, and Verano also filed consents to sue. (Compl. ¶ 3.) Copies of Georgia Notices are attached to the Complaint. (Compl. Ex. B.) The Complaint does not, however, indicate that the Georgia Notices were struck from the record in the Georgia Lawsuit.

On April 17, 2014, Natus filed the Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f), requesting that the Court strike paragraph three from the Complaint as well as the Georgia Notices. During a pretrial conference held on May 22, 2014, counsel for Meth indicated that he was seeking joinder of Miller, McGinn, and Verano (collectively, "Potential Plaintiffs") as putative plaintiffs in lieu of seeking conditional class certification. Consistent with this representation, Meth filed the Motion for Joinder on May 21, 2014, requesting that the Potential Plaintiffs be joined as named plaintiffs pursuant to Federal Rule of Civil Procedure 20. The Court scheduled a two-day trial to commence on October 27, 2014.

//

## II. DISCUSSION

### A. REQUESTS FOR JUDICIAL NOTICE

Natus has requested that the Court take judicial notice of several documents filed in the Georgia Lawsuit. The First Request for Judicial Notice requests that the Court take notice of: (1) the Pacer Docket in the Georgia Lawsuit; and (2) the Order of February 25, 2014, in which the court struck from the Georgia Lawsuit both the four Consents to Sue and the plaintiff's renewed motion for class certification. The Second Request for Judicial Notice requests that the Court take notice of: (1) a Stipulation to Amend filed by the plaintiff in the Georgia Lawsuit; and (2) two declarations filed in support of Natus's Opposition to the plaintiff's renewed motion for class certification in the Georgia Lawsuit.

Meth has not opposed or objected to either of these requests. More importantly, Federal Rule of Evidence 201 states that the court "must take judicial notice if a party requests it," Fed. R. Evid. 201(c), and the facts to be noticed "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b). Because the fact that these documents were filed can be accurately and readily determined by viewing the Georgia court's docket, the Court takes judicial notice of the documents as requested by Natus. Accordingly, the First Request for Judicial Notice and the Second Request for Judicial Notice will be GRANTED.

### B. MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) provides that a court may strike any "redundant, immaterial, impertinent, or scandalous matter" from a pleading either *sua sponte* or on motion by a party. Fed. R. Civ. P. 12(f). "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1380, 647 (2d ed.

1990)).

Natus asserts that paragraph three of the Complaint and the attached Georgia Notices should be stuck because they became a legal nullity when struck from record in the Georgia Lawsuit. In opposition, Meth argues that Rule 12(f) motions are so disfavored that they should not be granted absent a showing of prejudice to the moving party. Meth also implies that the Georgia Notices are material to an argument it may later make in this litigation, asserting that the Georgia Notices tolled the relevant statute of limitations. The Court has discretion to grant or deny Natus's request for relief pursuant to Rule 12(f). 5C Charles Alan Wright *et al.*, Fed. Prac. & Proc. § 1382 (3d ed. 2004) [hereinafter Fed. Prac. & Proc.]; *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, 227 F. App'x 239, 246 (4th Cir. 2007).

As an initial matter, it is disconcerting that Meth failed to disclose the status of the Georgia Notices "filed" in the Georgia Lawsuit. Paragraph three of the Complaint indicates that they were filed, and neither the attachments, nor any subsequent portion of the Complaint discloses the Georgia court's treatment of the Georgia Notices. As such, but for the Motion to Strike, the Court may not have discovered that these consents were struck from the record in the Georgia Lawsuit. *Cf. In re GMC*, 61 F.3d 256 (4th Cir. 1995) (imposing civil contempt sanctions against an attorney who quoted language from a trial court order, which had been struck from the record by the Fourth Circuit and which was explicitly ordered not to be cited as authority).

Information is "immaterial" for the purposes of Rule 12(f) if it has "no essential or important relationship to the claim for relief or the defenses being pleaded" and is "impertinent" if it does "not pertain, and [is] not necessary, to the issues in question." Fed. Prac. & Proc. § 1382 (citations omitted). Hypothetically, a validly filed consent to sue could be material or pertinent to Meth's implied claim that the statute of limitations was tolled from the time the Consents were filed until the related motion for class certification was resolved. *See Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1303 (11th Cir. 2008). However, Meth does not dispute that a document, once

4

struck, has no legal force or effect. *See Moore v. COSI, Inc.,* No. 1:11–cv–1393 (GBL/TCB), 2012 WL 1410052, at *2-3 (E.D. Va. Apr. 20, 2012) (finding under Virginia law that a Complaint was a legal nullity and could not be amended because amendment presupposes a valid instrument). As such, a notice of consent to sue that is a legal nullity cannot have tolled the statute of limitations. *See Ozbay v. Eli Lilly & Co.,* No. 1:08CV227 (LMB/TCB), 2008 WL 895776, at *2-3 (E.D. Va. Apr. 2, 2008) (finding that a motion for judgment that was a legal nullity could not toll the statute of limitations period).

Because the Georgia Notices were struck, they are a legal nullity by definition and cannot pertain to, or have an important relationship to, Meth's current claims. Accordingly, the Motion to Strike will be GRANTED.

    C.   MOTION FOR JOINDER

Federal Rule of Civil Procedure 20, which governs permissive joinder, provides in relevant part:

> Persons . . . may be joined in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alterative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20 (a)(1). This joinder provision is liberally construed by the courts. *See, e.g., Jonas v. Conrath*, 149 F.R.D. 520, 523 (S.D.W. Va. 1993). However, if joinder would result in prejudice, expense, or delay, it may be denied. *Aleman v. Chugach Support Servs., Inc.,* 485 F.3d 206, 218 n.5 (4th Cir. 2007). Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2).

The Fourth Circuit has interpreted Rule 15(a) to mean that "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (citing *Johnson v. Oroweat Foods Co.,* 785

F.2d 503, 509 (4th Cir. 1986)).

Meth requests leave to amend the Complaint pursuant to Rule 15. However, where leave to amend is requested for the purpose of joining named plaintiffs, courts "must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)." *Hinson v. Nw. Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001). Rule 20(a) creates a two-prong test permitting joinder of plaintiffs if (1) their claims arise out of the "same transaction, occurrence, or series of transactions or occurrences" and (2) there is at least one common question of law or fact between the claims. Fed. R. Civ. P. 20(a). As the moving party, Meth bears the burden of demonstrating that joinder is warranted. *See Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 559 (S.D.N.Y. 2013).

In support of the Motion for Joinder, Meth notes in conclusory fashion that all four Potential Plaintiffs were employed by Natus as FSSs prior to November 2012; had similar job duties; were subject to Natus's policy compensating them on a salaried basis and classifying them as exempt from overtime pay; regularly worked more than forty hours per week; were denied overtime pay prior to November 1, 2012; and currently seek compensation for unpaid overtime hours, liquidated damages, attorneys' fees, and costs. However, Meth has not responded to the evidence in the record that the Potential Plaintiffs may not have been similarly situated to him in their employment as FSSs.[1] Although the "similarly situated" standard derives from 29 U.S.C. § 216(b) and differs from the transaction or occurrence test of Rule 20, Natus argues persuasively that these differences indicate that the appropriateness of each FSS's classification as exempt or non-exempt must be assessed on a case-by-case basis. In light of the apparent differences between Meth's experience and responsibilities, and those of the Potential

---

[1] Specifically, Natus points out that the Potential Plaintiffs have substantially greater work experience than Meth, who was employed by Natus for only six months. Natus argues that the responsibilities of the FSSs changed as their experience increased. Similarly, the record indicates that at least two of the Potential Plaintiffs, McGinn and Verano, understood their positions to involve additional job duties, such as project management and training, to those allegedly assigned to Meth for the installation, maintenance, and repair of computer equipment.

Plaintiffs, Meth has not met his burden to show that the Potential Plaintiffs' claims arose from the same transaction or occurrence as Meth's.

However, even if Meth had demonstrated that joinder of the Potential Plaintiffs' claims was permissible, the Court finds that joinder would cause undue delay to these proceedings and create a risk of confusing the jury. *See Aleman*, 485 F.3d at 218 n.5 (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. § 1652 (3d ed. 2001)). The Court has already scheduled a two-day trial in this matter to commence in approximately three months. Discovery is scheduled to conclude on September 16, 2014. The addition of four plaintiffs so close to the close of discovery and the commencement of trial is likely to either prejudice Natus or, alternatively, require the Court to delay trial. Further, the varied tenure and the apparent factual differences in the job duties assigned to some of the Potential Plaintiffs creates the potential for jurors to conflate or confuse Natus's treatment of each of the Potential Plaintiffs with its treatment of Meth. *Accord Saval v. BL, Ltd.,* 710 F.2d 1027, 1031–32 (4th Cir. 1983). For these reasons, the Court will exercise its discretion to deny joinder of the Potential Plaintiffs pursuant to Rule 20(a).

### III.    CONCLUSION

For the foregoing reasons, the Motion to Strike, First Motion for Judicial Notice, and Second Motion for Judicial Notice will be GRANTED; the Motion for Joinder will be DENIED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this __17th__ day of July 2014.