**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| ——————————————————— ) | |
| ARUN METH, on behalf of himself ) | |
| and all those similarly situated who ) | |
| consent to representation, ) | |
| ) | |
| *Plaintiffs*, ) | Civil Action No. 3:14-cv-00173-JRS |
| ) | |
| v. ) | |
| ) | |
| NATUS MEDICAL INCORPORATED, ) | |
| A Delaware Corporation, ) | |
| ) | |
| *Defendant*. ) | |
| ——————————————————— ) | |

## JOINT MOTION FOR ORDER APPROVING CONFIDENTIAL SETTLEMENT AND INCORPORATED MEMORANDUM IN SUPPORT

Plaintiff Arun Meth ("Plaintiff") and Jonathan Miller, Anthony Verano, and Andy McGinn, and Defendant Natus Medical Incorporated ("Natus") (collectively the "Parties"), by and through undersigned counsel, hereby submit this Joint Motion for Order Approving Settlement.

### I. INTRODUCTION

In this Fair Labor Standards Act ("FLSA") action, a confidential settlement was reached by Defendant Natus and Plaintiff Arun Meth, as well as Jonathan Miller, Anthony Verano and Thomas (Andy) McGinn, who while not parties to the action, filed consent to sue documents with this Court. After the Court denied Plaintiff's motion to join Miller, Verano, and McGinn as named plaintiffs in the present action, the Parties subsequently engaged in extensive settlement discussions and in order to avoid further and protracted litigation, ultimately reached a global settlement of all the claims of Plaintiff, Miller, Verano and McGinn.  Because a settlement of

FLSA claims must be approved by the Court (or the U.S. Department of Labor) to be enforceable, Miller, Verano and McGinn join Plaintiff in requesting that the Court approve their settlement.

As discussed herein, the Parties jointly request that the Court enter a stipulated order approving their settlement. The Parties have carefully and exhaustively negotiated a settlement of all of their disputed claims. They have agreed to resolve the disputed factual and legal issues on terms set forth in a confidential settlement agreement (the "Agreement") and to jointly seek approval of their settlement.

As explained in *Lynn Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), in the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the settling parties should present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353; *Boone v. City of Suffold, Virginia*, 79 F. Supp. 603, 605 (E.D. Va. 1999) (FLSA overtime settlement must be overseen by the Department of Labor or approved for fairness and reasonableness by a district court).

The Parties request that this Court review this confidential settlement under the procedures and standards set forth in *Lynn's Foods Stores*. The Parties respectfully submit that the Court will find, as set forth herein and the Stipulation filed herewith, that the Agreement is fair and should be approved. The settlement reflects a reasonable compromise of issues actually in dispute, the settlement was reached in an adversarial context in which Plaintiff, Miller, Verano and McGinn were represented by competent and experienced counsel, and the totality of the proposed confidential settlement is fair and reasonable.

353295.1

## II. PROCEDURAL HISTORY

Plaintiff Meth filed this lawsuit in the United States District Court for the Eastern District of Virginia, Richmond Division, on March 12, 2014, alleging that Natus violated the FLSA and seeking to maintain a collective action.  Consent to sue documents signed by Verano, Miller and McGinn were attached as exhibits to the Complaint. Plaintiff's Complaint alleges that he worked for Natus and was misclassified as an exempt employee.  Plaintiff claimed that he regularly worked more than 40 hours in a workweek.  As a result, Plaintiff was allegedly denied overtime owed to him because he was not paid for hours worked in excess of 40 hours in a workweek. Miller, Verano and McGinn assert that they were similarly misclassified and denied overtime for hours worked over 40.  Natus denied and continues to deny any wrongdoing whatsoever, does not admit to any violation of law, statute or regulation and disputes Plaintiff, Miller, Verano or McGinn suffered any damages.

Plaintiff Meth decided not to pursue this case as a collective action and instead sought to join Miller, McGinn and Verano as named plaintiffs. After the Court denied Plaintiffs' joinder motion, Plaintiff Meth and Natus continued to litigate Plaintiff Meth's claims.  However, the Parties also engaged in negotiations in an effort to settle all of the claims of Plaintiff, Miller, Verano and McGinn without further litigation.  The Parties were able to reach an agreement in principle on September 9, 2014, and Plaintiff, Miller, Verano and McGinn finalized an agreed upon confidential settlement resolving their claims against Natus.

### III. THE COURT SHOULD APPROVE THE CONFIDENTIAL AGREEMENT

FLSA claims can be settled, but only where the Secretary of Labor supervises the payment of back wages or the employer and employee present the proposed settlement to the district court for approval.  29 U.S.C. § 215(b); *Lynn's Food Stores, In.*, 679 F.2d 1254.  A

district court, when reviewing a proposed settlement of an FLSA claim, should "scrutinize[ ] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353, 1355.   The Court in *Lynn's Food Stores* established four factors for a district court to examine to determine whether to approve an FLSA settlement: (1) Was the settlement achieved in an adversarial context: (2) was the plaintiff represented by attorneys who can protect his rights; (3) does the settlement reflect a reasonable compromise over issues that are actually in dispute; and (4) is the settlement fair? *Id.* at 1353-54.   *See also Lomascolo v. Parsons Brinkerhoff, Inc.*, No. 1:08-cv-1310, 2009 W.S. Dist. LEXIS 89129 (E.D. Va. Sept. 28, 2009); and *Houston v. URS Corp.*, 1:08-cv-203, 2009 U.S. Dist. LEXIS 70151 (E.D. Va. Aug. 7, 2009). All of these factors support approval of the settlement here.

As noted above, the settlement was achieved in an adversarial context.   Plaintiff Meth had filed suit and Miller, McGinn and Verano sought to join the action.   All of them were represented by the same counsel who have sought to protect their rights.   Further, as evidenced by the present motion and simultaneously filed Stipulation, the Parties believe the settlement to be a fair and reasonable compromise over issues that are actually in dispute: namely, are Meth, Miller, McGinn and/or Verano entitled to additional overtime compensation under the FLSA and if so, what damages were they entitled to, if any.

Natus asserts that its potential legal exposure to Plaintiff, Miller, Verano and McGinn is minimal, if not non-existent.   While Plaintiff, Miller, Verano and McGinn believe their claims have merit, the Parties have entered the confidential settlement agreement to avoid the necessity, expense, inconvenience, and uncertainly of litigation.   The Parties, with the Court's approval, would like to resolve and settle all claims and disputes between them.   The Parties note that this

Court has previously approved confidential settlements in FLSA cases. *See, e.g., Kenney v. Dominion Youth Serv.*, No. 3:10-cv-344-JRS, Docket No. 9 (E.D. Va. Aug. 16, 2010) (Spencer, J.)(approving confidential settlement for named plaintiffs and additional non-party); and *Barnes v. Delta Oil Co.*, 3:11-cv-312-JRS, Docket No. 11 (E.D. Va. Oct. 12, 2011)(Spencer, J.).

As reflected in the Stipulation filed herewith, Plaintiff, Miller, Verano and McGinn all believe the settlement is fair, just, and adequate to settle their claims against Natus.  While not intending to waive the confidential nature of the settlement agreement, the Parties will submit for *in camera* review the exact amount of the settlement should the Court find it necessary to approve the settlement.

## V. CONCLUSION

The Parties believe that the settlement reached was a fair and reasonable compromise of disputed claims.  The Parties therefore respectfully request the Court approve the settlement and enter the Proposed Order.  Entry of the Proposed Order will "secure the just, speedy, and inexpensive determination" of this action in accordance with Rule 1 of the Federal Rules of Civil Procedure.

This 20th day of October, 2014.

Arun Meth, Jonathan Miller, Anthony Verano and Thomas (Andy) McGinn

*By Counsel*

/s/*Scott Crowley*
Scott Gregory Crowley (VBN 31216)
CROWLEY & CROWLEY
4870 Sadler Road, Suite 300
Glen Allen, Virginia 23059
804-205-5010 (ph)
804-205-5001 (fax)
scrowley@crowleyandcrowley.com

353295.1

Kimberly N. Martin (GBN 473410)
Admitted Pro Hac Vice
MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085
(404) 313-5538 (ph)
(770) 837-2678 (fax)
kimberlymartinlaw@gmail.com


Natus Medical Incorporated

*By Counsel*

  _/s/ *Lucas T. Hanback*_____
Lucas T. Hanback (VSB No. 82184)
ROGERS JOSEPH O'DONNELL
Gayle M. Athanacio (CSB No. 130068)
Admitted *Pro Hac Vice*
Sharon Ongerth Rossi (CSB No. 232725)
Admitted *Pro Hac Vice*
750 9th Street NW, Suite 710
Washington, D.C. 20001
311 California Street, 10th Fl.
San Francisco, CA 94104
Phone: 202-777-8955 (DC); 415-956-2828 (CA)
Facsimile: 202-347-8249 (DC); 415-956-6457 (CA)
lhanback@rjo.com
gathanacio@rjo.com
srossi@rjo.com
*Counsel for Defendant Natus Medical Incorporated*

James E. Rollins, Jr. (GBN. 613825)
Admitted *Pro Hac Vice*
SCHWARTZ ROLLINS, LLC
945 E. Paces Ferry Road, Suite 2270
Atlanta, Georgia 30326
Phone: 404-844-4130
Facsimile: 404-844-4135
jer@gaemploymentlawyers.com
*Counsel for Defendant Natus Medical Incorporated*

353295.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| _____ ) | |
| ARUN METH, on behalf of himself ) | |
| and all those similarly situated who ) | |
| consent to representation, ) | |
| ) | |
| *Plaintiffs*, ) | Civil Action No. 3:14-cv-00173-JRS |
| ) | |
| v. ) | |
| ) | |
| NATUS MEDICAL INCORPORATED, ) | |
| A Delaware Corporation, ) | |
| ) | |
| *Defendant*. ) | |
| _____) | |

### PROPOSED ORDER

THIS MATTER came before the Court on the Joint Motion for Order Approving

Confidential Settlement.  By consent of the Parties and Jonathan Miller, Anthony Verano and

Thomas (Andy) McGinn and for good cause shown, the Court Orders that the Confidential

Settlement Agreement referenced in the Joint Motion is APPROVED and that the matter is

DISMISSED WITH PREJUDICE.

ENTERED this ___ day of _____, 2014.


_____
James R. Spencer
United States District Judge